**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:06cr165-17**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **PHILLIP IRBY ROBBINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ———————————————————— | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on May 11, 2007 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Edd Hensley, and that the Government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on May 11, 2007. The Government introduced, without objection, the violation report into evidence.

The defendant was charged in a bill of indictment filed on August 7, 2006 with one count of conspiracy to distribute a quantity of methamphetamine in violation of 21 U.S.C.

§ 841 and 846 and with knowingly and intentionally using a communication facility in facilitating the commission of a conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. § 843(b).  A hearing was held in regard to the detention of the defendant on November 22, 2007.  On that date, the undersigned entered an order releasing the defendant on a $30,000.00 unsecured bond.  The undersigned further set conditions of release which included the following:

(1)     That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(q) Participate in the following home confinement program components and abide by all the requirements of the program which included home detention with electronic monitoring.  The defendant was restricted to his residence at all times except for employment, education, religious services, medical, substance abuse and mental health treatment, attorney visits, court appearances, court ordered obligations or other activities as pre-approved by the Office of Probation and Pretrial Services.

(7)(r) That the defendant was to report as soon as possible, to the Office of Probation and Pretrial Services any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

The defendant was approved to work third shift beginning on April 2, 2007.  The defendant left his residence during approved third shift work hours on April 6, 2007; April

9 through 13, 2007; April 16 through 19, 2007 and April 23, 2007. The defendant, however, did not work on those dates. The defendant worked on April 5, 2007 and was terminated on April 10, 2007. The defendant told his probation officer that instead of working he had been in South Carolina with his pregnant girlfriend. On May 3, 2007 the defendant worked with Terry Thompson Construction. The defendant was away from his residence on May 5, 2007 during approved first shift work hours. However, the defendant did not actually work on that date. The defendant advised his probation officer that he went to Wal-Mart and to visit his girlfriend.

On March 12, 2007 the defendant was charged in Rutherford County, NC with speeding and driving while license revoked. The defendant did not notify the pretrial services officer of these charges.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)  finds that there is----
     (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
     (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2)  finds that ---
     (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person
will not flee or pose a danger to the safety of any other person or the community; or
     (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a
Federal, State, or local felony, a rebuttable presumption arises that no condition

3

or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a state crime while on release. The crime of driving while license revoked is a state crime which is a misdemeanor. No presumption arises, pursuant to 18 U.S.C. § 3148 that there are no conditions or combination of conditions that would assure that the defendant would not pose a danger to the safety of any other person or the community due to the fact that the crime allegedly committed by the defendant was a misdemeanor.

There has been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown that the defendant has violated the term and condition of release that states that he was to be subject to home detention with electronic monitoring. The defendant violated his conditions of release by being absent from employment and going to South Carolina to visit his girlfriend and to go to Wal-Mart and to visit his girlfriend as set forth above. It has further been shown by clear and convincing evidence that the defendant violated the condition of release that requires the defendant to report as soon as possible to the Probation and Pretrial Services Office any contact that he had with any law enforcement personnel, including but not limited to any arrest, questioning or traffic stop in that the defendant did not advise his probation officer of the fact that he had been charged with driving while license revoked on March 12, 2007.

Due to the findings made above , it appears there is no condition or combination of conditions of release that  will assure that the defendant will not pose a danger to the safety of any other person or the community.  It is further the opinion of the undersigned that based upon the defendant's actions,  that it is unlikely that the defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

## ORDER

WHEREFORE, IT IS **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED**  that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: May 22, 2007

Dennis L. Howell
United States Magistrate Judge